UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00040-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **GREGORY GARCIA,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Defendant's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure Rule 29, which was made orally and taken under advisement at the close of trial, and Defendant's Rule 33 Motion for New Trial (#38).

**I.     Background**

This case arises from a two-count Bill of Indictment, filed on February 19, 2015, charging Defendant Gregory Garcia, a/k/a Gregory Garcia Perez with two Counts of violating Title 18, U.S.C. § 1425(a), which criminalizes the unlawful procurement of naturalization and citizenship. Count One charges that on or about November 9, 2006, the defendant knowingly attempted to procure, contrary to law, his naturalization and United States citizenship, that is, he made false and misleading statements about his criminal history during the application process to become a United States citizen. Count Two is a similar charge with criminal conduct occurring on a different date, August 14, 2007. On July 27-29, 2015, Defendant was tried before a jury. After hearing testimony from witnesses and reviewing the evidence, the jury convicted Defendant on both counts.

1

By the instant motions, Defendant asks the court to set aside the jury verdict and vacate convictions entered against Defendant on both counts. The court allowed the parties to fully brief these motions after the trial transcript in this case became available and to file responses to one another's arguments, see (##48-55), making this matter ripe for review. Having considered the motions and the briefs of counsel, and having closely reviewed the trial transcript in this matter, the court will deny both motions.

## II. Standard of Review

### A. Rule 29

When considering a post-verdict motion for judgment of acquittal, the court assesses whether, taking the evidence in the light most favorable to the Government, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. See United States v. Higgs, 353 F.3d 281, 313 (4th Cir. 2003) (holding that a conviction must be sustained if there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt") (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir.1996) (en banc)). The court does not weigh the credibility of witnesses, but accepts any such determinations made by the jury which are necessarily resolved by the verdict. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir.1997) (holding that credibility determinations are reserved for the jury, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe) (internal quotation marks omitted); United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983). In making a Rule 29 motion, "[a] defendant challenging the sufficiency of the evidence to support his conviction bears 'a heavy burden.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation omitted). "Reversal for insufficient evidence is reserved for the rare case

'where the prosecution's failure is clear.'" Id. (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

**B. Rule 33**

Pursuant to Fed. R. Crim. P. 33, upon motion of the defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Id. When ruling on a motion for a new trial, the district court is not constrained to view the evidence in the light most favorable to the government, and the court may evaluate the credibility of the witnesses. United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir.1985). However, the district court must show deference to the jury's verdict and should grant a new trial only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." Id. The Fourth Circuit has held that "a trial court should exercise its discretion to award a new trial sparingly and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006).

**III. Discussion**

**A. Defendant's Motion for Judgment of Acquittal (Rule 29)**

In the light most favorable to the Government, the evidence considered by the jury was as follows. On February 7, 2005, Defendant filed an N-400 (Application for Naturalization). (Gov. Ex. 1). On December 27, 2005, Defendant unlawfully possessed a fraudulent identification document (later plead guilty to Count 6 in the Bill of Indictment). See (Gov. Ex. 15a, 15c, 15d and 15e). On May 31, 2006, Garcia had his initial naturalization interview with USCIS Immigration Services Officer ("ISO") Jason Rucienski but failed part of the writing and reading portions of the test (Gov. Ex. 3 and 4). On that same date, he was given notice about documents he needed to bring to a "re-exam" (Gov. Ex. 5). On August 8, 2006, the FBI ran a criminal

history check on Defendant. (Gov. Ex. 11). On August 23, 2006, the United States Attorney's Office for the Western District of North Carolina indicted Garcia in United States v. Perez, et al., W.D.N.C. 3:06CR254 for various federal criminal violations related to a fraudulent credit card and identification document conspiracy: 18 U.S.C. § 371, 18 U.S.C. § 1028(a)(1), 18 U.S.C. § 1028(a)(7), 18 U.S.C. § 1028A(a)(1), 18 U.S.C. § 1029(a)(1), 18 U.S.C. § 1029(a)(2), and 18 U.S.C. § 1029(a)(3). See (Gov. Ex. 15a). On September 15, 2006, Garcia was arrested on the above charges and made his initial appearance in federal court. On October 23, 2006, Garcia received an I-797C, Notice of Action, (Gov. Ex. 6), which notified him about the following: "Re-Examination for Reading, Writing or Speaking English; Naturalization Re-Interview" and directed him to appear on November 9, 2006. On November 9, 2006, during his re-examination, Defendant passed the reading and writing portions of the exam. (Gov. Ex. 8). During his re-interview, he was also questioned under oath, see (Gov. Ex. 1 at p. 10), by ISO Kevin Winn (Gov. Ex. 7, 8, 9, and 10) about his naturalization application. Question 23 asks, "Have you EVER given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal?" (Gov. Ex. 1 at p.8). Defendant answered "No." Id. While Defendant told ISO Winn about previous criminal charges occurring in New Jersey in the late 1990s, he did not tell Winn about his pending federal charges or his court appearances for the same. Id. On May 4, 2007, Defendant filed a plea agreement. (Gov. Ex. 15c). On May 24, 2007, Garcia plead guilty to Count 1 (conspiracy to commit credit card and identification document fraud) and Count 6 (possession of fraudulent identification document) in that indictment. (Gov. Ex. 15d). On July 11, 2007, Defendant's naturalization application was approved. (Gov. Ex. 10). On August 14, 2007, before his naturalization ceremony, Garcia was questioned by ISO Elna Falls and asked to update the information

provided on his N-400. (Gov. Ex. 10). In response to question 3 on the N-445 form (Gov. Ex. 13), which reads, "Have you know committed any crime or offense, for which you have not been arrested; or have you been arrested, cited, charged, indicted, convicted, fine or imprisoned for breaking or violating any law or ordinance, including traffic violations?," Defendant answered "Yes" but told ISO Falls "speeding only." (Gov. Ex. 13). Also, when asked in question 7 whether he had "given false testimony to obtain immigration benefits," Defendant replied "No." (Gov. Ex. 13). Defendant was then sworn in as a naturalized citizen. (Gov. Ex. 14). On April 14, 2008, Defendant was sentenced to 5 months imprisonment as a result of his guilty plea. (Gov. Ex. 15e).

To meet its burden of proof on the charged offenses in Counts One and Two, the government was required to establish that: 1) Defendant made false statement on the application for naturalization; 2) that he made such statements knowingly; 3) that the statements were contrary to law; and 4) Defendant procured or attempted to procure naturalization. United States v. Aladekoba, 61 Fed.Appx. 27, 28 (4th Cir. 2003). "Although the phrase 'contrary to law' is not defined in § 1425(a), it has been interpreted to mean a violation of the laws governing naturalization." See United States v. Djanson, 578 Fed. Appx. 238, *239 (4th Cir. 2014) (quoting United States v. Puerta, 982 F.2d 1297, 1300–01 (9th Cir. 1992)).

1. **The May 31, 2006 Encounter**

The court will first address whether there was sufficient evidence for a jury to conclude that Defendant was interviewed on his application for naturalization on May 31, 2006. In his brief, Defendant repeatedly suggests that on May 31, 2006, he met with USCIS ISO Jason Rucienski, attempted (but failed) parts of the naturalization test, was sent home, and that such interaction did not qualify as an interview on his application for naturalization. The court finds

that the evidence before the jury would have allowed it to come to a reasonable conclusion otherwise. The government introduced evidence that at that May 31, 2006 meeting, Defendant and ISO Rucienski reviewed the N-400 application, discussed Defendant's criminal history, and discussed what documents were still needed to process his N-400 application. See Gov. Ex. 2: Addendum to N-400 (in ECF as #55-1). The following evidence would have allowed a jury to determine that the interaction on that day was an interview:

- Gov. Ex. 3: Form N-652 Naturalization Interview Results (completed by ISO Rucienski on May 31, 2006 (in ECF as #55-2); Trial Tr. 278, ll. 22-24.
- Gov. Ex. 5: Form N-14 Continuation Form, prepared by ISO Rucienski and given to defendant Garcia; document reads "Examination of your N400 application shows that additional information; documents or forms are needed before your application can be acted upon.") (in ECF as #55-3)
- Gov. Ex. 6: 1-797 Notice of Action "Re-Examination for Reading, Writing or Speaking English; Naturalization Re-Interview" (requesting Garcia to appear on November 9, 2006, 8:30 a.m.) (in ECF as #55-4)
- Gov. Ex. 10: Form N-630B (N-400 Adjudication Processing Worksheet; top section of document contains an Interview section, which is dated May 31, 2006 and contains the initials J. R. (Jason Rucienski)) (in ECF as #55-5)
- Testimony from ISO Winn that his November 9, 2006 interview with Garcia was the defendant's second chance to pass the reading and writing tests he had failed and continue his May 31, 2006 interview for naturalization. See Trial Tr. 288, ll. 20-22.
- Judicially Noticed Doc. No. 1: USCIS Policy Manual, Part B. Naturalization Examination (explaining the requirements set forth in 8 C.F.R. § 335.2, which governs the examination of applicants). See also Trial Tr. 464-65.

In light of the above evidence admitted at trial, the court finds that the matter was properly before the jury and that the jury reasonably concluded that such interaction was an interview.

**2. Count One (November 9, 2006 Statements)**

As to Count One, the court finds that substantial evidence clearly supported the jury's verdict and that a rational trier of fact could easily have found beyond a reasonable doubt that on November 9, 2006, Defendant knowingly made false or misleading statements on his application for naturalization that were contrary to law. The trial evidence was sufficient to establish beyond

a reasonable doubt that Defendant was not truthful during his November 9, 2006 interview with ISO Kevin Winn. See (Gov. Ex. 7, 8, 9, 10). During that interview, Defendant was questioned under oath. (Gov. Ex. 1). Question 23 asks "Have you EVER given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal?" and Defendant answered "No." (Gov. Ex. 1). Defendant did not tell ISO Winn that he had been indicted on August 23, 2006 in <u>United States v. Perez, et al.</u>, W.D.N.C. 3:06CR254, for various federal criminal violations related to a fraudulent credit card and identification document conspiracy or that he had been arrested on the above charges and made his initial appearance in federal court on September 15, 2006. Despite being under oath and sworn to provide complete and truthful information, Garcia failed to tell Winn about his pending federal charges or his court appearances for the same.

Therefore, there was sufficient evidence before the jury for it to find that Defendant had made false or misleading statements about his criminal history on his citizenship application in violation of 18 U.S.C. § 1425(a) on the date in Count One.

3. **Count Two (August 14, 2007 Statements)**

Defendant argues that because the May 31 encounter was not an "interview," and because he was not arrested, cited, charged, indicted, convicted, or imprisoned between November 9, 2006 and August 14, 2007, he did not make any false statements when he answered "only speeding" to question 3 on the N-445 form (Gov. Ex. 13). That question read: "After the date you were first interviewed on you [sic] Application for Naturalization, Form-400…Have you knowingly committed any crime or offense, for which you have not been arrested; or have you been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating

7

any law or ordinance, including traffic violations?" Also, when asked in question 7 whether he had "given false testimony to obtain immigration benefits," Defendant replied "No."

As noted above, because there was sufficient evidence for a jury to conclude that Defendant's first interview occurred on May 31, 2006, and because Defendant was arrested and indicted and had entered a guilty plea between that date and the day he made the above statements (August 14 2007), his answer was false. Thus, there was sufficient evidence before the jury for it to find that Defendant had made false or misleading statements about his criminal history on his citizenship application in violation of 18 U.S.C. § 1425(a) on that date.

B. **Defendant's Motion for New Trial (Rule 33)**

For the same reasons explained in light of the Rule 29 Motion, the court finds that this case does not present one of the rare circumstance when the evidence weighs so heavily against the jury verdict as to warrant a new trial. United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006). The court will thus deny Defendant's Rule 33 Motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motions made pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure are **DENIED**.

Signed: September 29, 2015

Max O. Cogburn Jr.
United States District Judge