UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00040-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| GREGORY GARCIA, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Defendant's Motion to Reconsider (#59) this court's previous Order (#58) denying Defendant's Rule 29 and Rule 33 post-trial motions. As the procedural and factual background have been thoroughly discussed by the court in its prior Order, the court will not repeat it here.

I. **Legal Standards for Motion to Reconsider**

While there is no provision in the Federal Rules of Criminal Procedure governing motions for reconsideration, courts use the standards set in the Federal Civil Rules in determining such motions in criminal cases. See United States v. Dickerson, 971 F. Supp. 1023, 1024 (E.D. Va. 1997). Here, Defendant seeks reconsideration of this court's Order (#58) pursuant to Fed. R. Civ. P. 59(e). "[C]ourts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Defendant states that he seeks to proceed under the third prong, and that the court should reconsider his post-trial motions based on clear error.

1

## II. Discussion

Defendant argues that the court committed clear error in denying his Rule 29 and Rule 33 motions, but fails to point the court toward any clear error of law that would merit reconsideration. Additionally, Defendant raises new, untimely arguments in his motion that cannot be considered by the court. For the reasons explained herein, the court will deny Defendant's motion.

### A. *Rule 33 Motion: Jury Instructions and Judicial Notice*

Defendant contends that he is entitled to a new trial because the jury instructions provided conflicting and potentially erroneous guidance on what constitutes an interview.[1] Defendant argues that the jury instructions exceeded the bounds of proper judicial notice, specifically arguing that a website of the United States Citizenship and Immigration Service, titled "Study for the Test" (Judicially Noticed Doc. No. 2), which explains the naturalization interview process and testing requirements, was improperly noticed. The court first notes that while Defendant objected to the inclusion of the judicially noticed USCIS website at trial, he made no further argument on that matter in his original post-trial brief. See (#49). By the instant Motion for Reconsideration (#59), Defendant undergoes a detailed analysis of Fed. R. Evid. 201, which governs judicial notice, now arguing that the court improperly took notice of the information on the USCIS website. Because Defendant may not use a motion for reconsideration to raise new arguments "that could and should have been presented to the district court," United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009), in the first instance, the court finds Defendant's arguments untimely and will not consider them.

---

[1] The court's Order (#58) on Defendant's post-trial motions explains the significance of what constitutes an interview regarding an application for naturalization relevant to this case.

The court also finds that regarding the matter of the judicially noticed document, Defendant has not pointed to any clear error by the court in taking judicial notice of the information presented on the USCIS website. The Federal Rules of Evidence provide, "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendant argues that the USCIS website does not meet either prong, and that the court erred in taking notice of "a website designed to convey oversimplified information on the immigration process to the public." (#49 at p. 3). The court disagrees. As the government notes, district courts routinely exercise their discretion in taking judicial notice of information available on federal and state government websites. See, e.g., Hansen Beverage Co. v. Innovation Ventures, LLC, No. 08-CV-1166-IEG POR, 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) ("Information on government agency websites has often been treated as properly subject to judicial notice.") (quoting Paralyzed Veterans of Am. v. McPherson, 2008 U.S. Dist. LEXIS 69542, at *5 (N.D.Cal. Sept. 8, 2008)); United States ex rel. Dingle v. BioPort Corp., 270 F.Supp.2d 968, 972 (W.D.Mich. 2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet."); Cali v. E. Coast Aviation Servs., Ltd., 178 F. Supp. 2d 276, 287, n. 6 (E.D.N.Y. 2001) (taking judicial notice of the information contained on websites and database pages from the Pennsylvania Department of State and the Federal Aviation Administration); In re Amgen Inc. Sec. Litig., 544 F.Supp.2d 1009, 1023–24 (C.D.Cal. 2008) (taking judicial notice of drug labels taken from the FDA's website); County of Santa Clara v. Astra USA, Inc., 401 F.Supp.2d 1022, 1024 (N.D.Cal. 2005)

(taking judicial notice of information posted on a Department of Health and Human Services website). The court thus finds no basis for granting Defendant's Motion for Reconsideration on these grounds.

Defendant also takes issue with the fact that the court did not specifically address in its prior Order (#58) Defendant's arguments regarding alleged confusion in the jury instructions and the government's closing arguments. In his "Brief in Support of Defendant's Motion for Judgment of Acquittal or, in the Alternative, for a New Trial," (#49), Defendant argued, "[b]ased on the varying interpretations of what constitutes an interview on an application, and what constitutes an interview in general, the jury was left with significant confusion. The jury instructions included definitions which covered both extremes. It also left Defendant in the position of arguing somewhat inconsistent positions." (Id.). Defendant failed, however, to point the court to any specific jury instruction that it found confusing, and thus, the court did not address the issue in its Order. Moreover, after the court read the instructions to the jury at trial, it asked the attorneys for both sides if they had any objection to the instructions as given. See (Trial Tr. at 537:2-539:3). Defendant made no objection to the instructions as confusing.[2]

As noted above, Defendant made no specific objection to the judicially noticed USCIS website in his original post-trial brief. In fact, Defendant only referenced the judicially noticed website once in its prior brief, arguing, "[g]iven that the USCIS field manual and regulatory sections are the strongest authorities with regard to the determination of what constitutes an interview, and given that the Court should consider the field manual and regulations dispositive as opposed to the printout from the USCIC customer service website, the Court should grant

---

[2] Defendant asked the court to clarify an instruction given on disjunctive reading of statutes, but made no other objection. See (Trial Tr. 537:2-539:3). After the court gave such clarifying instruction, it again asked whether the parties had any additional matters for the court, and neither party indicated that they did. See (Trial Tr. 539:21-540:12).

Defendant's motion as to Count 2." (#49 at p. 7). Two pages later, Defendant referenced jury confusion, but made no attempt to explain where that confusion came from. Thus, to the extent that Defendant now seeks to further explain the source of alleged jury confusion (i.e. supposedly from the USCIS website), the court will not entertain new arguments.[3]

To the extent Defendant asks the court to revisit the matter of whether the government's closing argument regarding when Defendant was convicted caused juror confusion, the court again find no clear error of law as to the Rule 33 motion. The court addressed the issue of whether to enter an instruction on the timing of Defendant's conviction at length during the charge conference, see Trial Tr. (438:2-444:5; 448:21-449:13), specifically told the parties that it was a matter for the jury, and upon review of the transcript, finds no error in the government's argument. Additionally, as explained in the court's prior Order (#58), "because there was sufficient evidence for a jury to conclude that Defendant's first interview occurred on May 31, 2006, and because Defendant was arrested and indicted and had entered a guilty plea between that date and the day he made the above statements (August 14, 2007), his answer was false.[4] Thus, there was sufficient evidence before the jury for it to find that Defendant had made false or misleading statements about his criminal history on his citizenship application in violation of 18 U.S.C. § 1425(a) on that date." (#58, p. 7-8). Thus, even if the government's argument created juror confusion as to when exactly Defendant was "convicted," the jury would have been able to

---

[3] The court also notes that while Defendant argues that the two judicially noticed documents, one from the USCIS website and the other a section of the USCIS policy manual, contain contradictory information, the court disagrees with such contention.

[4] On August 14, 2007, before his naturalization ceremony, Garcia was questioned by ISO Elna Falls and asked to update the information provided on his N-400. (Gov. Ex. 10). Question 3 reads: "After the date you were first interviewed on you [sic] Application for Naturalization, Form-400…Have you knowingly committed any crime or offense, for which you have not been arrested; or have you been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance, including traffic violations?" Defendant answered "Yes" but told ISO Falls "speeding only." (Gov. Ex. 13). Also, when asked in question 7 whether he had "given false testimony to obtain immigration benefits," Defendant replied "No." (Id.)

5

conclude that Defendant was guilty of Count Two because he had been indicted and arrested and entered a guilty plea within the relevant time period.

### B. Rule 29 Motion: Evidence of Interview and False Statement

Regarding Defendant's motion for the court to reconsider its decision on Defendant's Rule 29 motion for a judgment of acquittal, the court again finds that Defendant has pointed to no clear error of law that renders reconsideration appropriate. Defendant simply presents arguments that the evidence submitted by the government cannot have allowed a jury to conclude that the encounter with Officer Rucienski on May 31, 2006 was an interview on Defendant's application for naturalization. The court has heard such arguments from Defendant before and, as explained in its previous Order (#58), finds them unpersuasive. The court will not revisit an issue previously decided simply because Defendant disagrees with the outcome. Defendant also makes additional arguments that the evidence submitted does not go to the heart of his false statement, pointing to specific wording in the document signed at the oath ceremony. Again, Defendant points to no clear error of law for the court to reconsider, but simply asks it to entertain new arguments about evidence already considered by the jury. This the court will not do. See FED. R. CIV. P. 59(e); FED. R. CIV. P. 29(c)(1); Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

### III. Conclusion

Because Defendant has not identified any clear error of law committed by the court, reconsideration of this court's previous rulings on Defendant's post-trial motions is not appropriate. See FED. R. CIV. P. 59(e); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). The court therefore enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Reconsideration (#59) is **DENIED**.

Signed: November 18, 2015

Max O. Cogburn Jr
United States District Judge