IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cr-40

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff | ) |
| | ) |
| | ) |
| V. | ) |
| | ) |
| Gregory Garcia, | ) |
|     Defendant. | ) |
| | ) |

ORDER REVOKING CITIZENSHIP

The court has considered the government's Amended Motion for Order Revoking Citizenship (#83), the defendant's Opposition to Petition to Revoke and Alternative Motion for Stay (#86), and the government's response to defendant's motion (#87).

The court finds that revocation does not constitute double jeopardy, as it is part of the original proceeding, and that revocation is mandatory under 18 U.S.C. § 1425. See United States v. Djanson, 578 Fed. Appx. 238, 241 (4th Cir. 2014) (revocation is "automatic, ministerial, and involves no exercise of discretion"); see also United States v. Maduno, 40 F.3d 1212, 1217 (11th Cir. 1994); United States v. Incencio, 328 F.3d 1207, 1210 (9th Cir. 2003); United States v. Moses, 94 F.3d 182, 187 (5th Cir. 1996). For the same reasons, the court finds that an appeal does not prevent automatic revocation from occurring. The court also finds that due process rights were not violated, as revoking citizenship here is consistent with due process as mandated by statute. See United States v. Barekzai, 327 Fed. Appx. 732 (4th Cir. 2009); United States v. Latchin, 554 F.3d 709, 716 (7th Cir. 2009). Finally, the court does not find that defendant has been prejudiced by any delay. In Incencio, the court held that revocation after many years had

1

passed "is not so unreasonable as to constitute a denial of due process." Incencio, 215 F.Supp.2d at 1097; see also Costello v. United States, 365 U.S. 265, 283-84 (1961) ("Congress has not enacted a time bar" for revocations and defendant "never had a right to his citizenship.").

Thus, Defendant Gregory Garcia ("Garcia"), having been convicted of unlawful procurement of naturalization, in violation of 18 U.S.C. § 1425(a), and where 8 U.S.C. § 1451(e) mandates that, in the event of such a conviction, the related naturalization shall be revoked,

IT IS HEREBY ORDERED that judgment is entered revoking and setting aside the naturalization of defendant ordered by the Attorney General of the United States, admitting defendant to United States citizenship, and canceling Certificate of Naturalization No. 29744618.

IT IS FURTHER ORDERED that defendant, from the date of this Order, is forever restrained and enjoined from claiming any rights, privileges, or advantages under any document which evidences United States citizenship obtained as a result of defendant's naturalization on August 14, 2007.

IT IS FURTHER ORDERED that the defendant surrender and deliver his Certificate of Naturalization, and any copies thereof in his possession (and to make good faith efforts to recover and then surrender any copies thereof that he knows are in possession of others), to the Attorney General immediately; and return any other indicia of United States citizenship, and any copies thereof in his possession (and to make good faith efforts to recover and then surrender any copies thereof that he knows are in possession of others), including, but not limited to, United States passports, voter registration cards, and other voting documents.

Signed: October 30, 2017



Max O. Cogburn Jr
United States District Judge

2