| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | STAY PENDING APPEAL |
| | ) | |
| **GREGORY GARCIA,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion for Stay Pursuant to Fed.R.Crim.P. 38(g). The government has not responded within the time provided.

Although an appeal has been lodged, this Court has jurisdiction to consider the Motion to Stay in accordance with the provisions of Rule 38(g), as consideration by either a district court or an appellate court is specifically contemplated in such rule. Further, Rule 8(a)(1), Federal Rules of Appellate Procedure, specifically provides that an appellant must ordinarily move first in the district court for a stay of an Order pending appeal. In accordance with criminal Rule 38(g) and appellate Rule 8(a)(1), the Court need not rely on the indicative ruling procedures provided in Rule 37. See Advisory Committee Notes to the 2012 adoption of Rule 37, at ¶ 2.

The Court has closely reviewed Rule 38(g). That rule provides that this Court, or the Appellate Court, may stay any civil "disability" created by the enforcement of a defendant's conviction or sentence pending appellate resolution. Technically, the disability is not directly created by the conviction or sentence, but by the Order this Court issued revoking defendant's naturalization as a consequence of his Section 1425 conviction. Revocation of naturalization is a consequence of any Section 1425 conviction. Title 8 U.S.C. § 1451(e) provides:

When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, *1209 and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

Id. Further, revocation of naturalization is mandatory upon conviction of any violation of Section 1425. United States v. Moses, 94 F.3d 182, 188 (5th Cir.1996) ("[Section 1451(e)] is mandatory-the district court shall revoke the citizenship if the individual is convicted under section 1425." (emphasis deleted)). Thus, the disability is directly tied to the underlying conviction, making the relief sough within the realm of relief contemplated under Rule 38. The Court will now consider whether that relief should be granted.

First, unlike other provisions allowing district courts to stay further actions or proceedings pending appeal, see Hilton v. Braunskill, 481 U.S. 770, 776 (1987), Rule 38(g) does not require this Court to make a determination as to whether defendant is likely to succeed on appeal. Thus, issuance of stay is not dependent on the merits of defendant's appeal of what appears to be a mandatory Order of revocation.

Second, while the government has not objected, this Court has considered whether other courts faced with similar motions have allowed what appears to be exceptional relief. While defendant cites to no cases where a stay of revocation of naturalization was granted pending appeal, it appears that a stay was granted in United States v. Inocencio, No. 02-10288 (9th Cir. 2002) (docket entry #6, entered 7/29/2002). While appellant in that case was ultimately unsuccessful, United States v. Inocencio, 328 F.3d 1207 (9th Cir. 2003), the Court of Appeals for the Ninth Circuit allowed the stay subject to certain conditions agreed to by both the government and the appellant.

Third, the Court has considered the danger posed in staying the disability pending appeal. While the possibility of defendant engaging in additional Title 8 violations is real, it appears from the representations of counsel that defendant has otherwise abided by the law (with the exception of traffic law infractions) and the conditions set by this Court following his conviction.

Having carefully considered the motion, the appellate Orders and ultimate decision in Inocencio, and again reviewed the summary of the facts of this case, the Court believes it can fashion an appropriate stay that protects the public as contemplated by Title 8. In particular, the Court has adopted the limitations suggested in defendant's motion and those imposed by the appellate court in Inocencio, which are most appropriate as they go to the very harm Title 8 seeks to prevent.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Stay Pursuant to Fed.R.Crim.P. 38(g) (#94) is **GRANTED**, and the Order revoking defendant's Naturalization (#89) is **STAYED** pending resolution of appeal, subject to the following conditions:

(1) Defendant shall not seek additional copies of his Passport or Naturalization Certificate pending resolution of the appeal; and

(2) Defendant shall not use his status as a United States citizen in any manner to aid or sponsor anyone attempting to gain entry, legal status, or citizenship in the United States of America while this appeal is pending.

Signed: November 17, 2017



Max O. Cogburn Jr.
United States District Judge